Defendant Gary Gibson appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which convicted and sentenced him for one count of assault in violation of R.C. 2903.13. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERRORS
 ASSIGNMENT OF ERROR NO. I
 THE EXCLUSION OF AN AFRICAN-AMERICAN JUROR BY THE STATE'S USE OF A PEREMPTORY CHALLENGE WAS A VIOLATION OF MR. GIBSON'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2 AND 10 OF THE OHIO CONSTITUTION WHERE THE RECORD FAILS TO MAKE CLEAR THAT THE TRIAL JUDGE UNDERSTOOD AND APPLIED THE PRECISE TEST SET FORTH IN BATSON V. KENTUCKY (1986), 476 U.S. 79.
 ASSIGNMENT OF ERROR NO. II
 MR. GIBSON WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW, A FAIR TRIAL, EFFECTIVE ASSISTANCE OF COUNSEL AND COMPULSORY PROCESS WHEN THE TRIAL COURT REFUSED TO ALLOW APPOINTED COUNSEL TO WITHDRAW FROM THE CASE AND/OR TO GRANT A CONTINUANCE TO SECURE THE ATTENDANCE OF WITNESSES IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
At trial, the State presented evidence appellant assaulted his girlfriend on September 8, 1997. The complaining witness filed a police report concerning the incident, but originally told the police two unknown persons had attacked her. At trial, she testified
 the explanation is merely pretext for exclusion on the basis of race. Hernandez v. New York (1991), 500 U.S. 352, 363."
Upon defense counsel's objection, the trial court asked the prosecutor to explain his reasons for exercising the preemptory strike. The prosecutor indicated he was disturbed by the answer of juror number 46 to defense counsel's questioning of whether or not the defendant should have to testify. The prosecutor indicated he simply did not like the juror's answers, and was struck by what he referred to as the "adamancy" of the juror. Defense counsel asserted to the court this was insufficient to excuse a juror, but the court overruled the objection and excused the juror.
Applying the Batson test, we will presume defense counsel made a prima facie case, as the court impliedly found. We find the State's racially neutral reason for the preemptory strike was insufficient to rebut the implication the strike was racially motivated.
The first assignment of error is sustained.
 II
In his second assignment of error, appellant urges he was denied the effective assistance of counsel because the court overruled appointed counsel's motion to withdraw from the case, or in the alternative, for a continuance in order to secure the attendance of witnesses appellant wished to have called for his defense.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court developed a two-prong test requiring an appellant to show both his counsel's representation fell below an objective standard of essential duty to the client, and also to show the substandard performance of counsel actually prejudiced the appellant's ability
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Canton, Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.